IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE LaBAR, a Minor, by KELLI LaBAR and WILLIAM LaBAR, Parents and Guardians : : Plaintiffs : : vs. : MARIAN McDONALD, M.D.; : ST. LUKE'S PHYSICIAN GROUP, INC., formerly : known as St. Luke's Health Services, Inc., doing : business as Keystone Surgical Associates; and : ST. LUKE'S HOSPITAL OF BETHLEHEM, PA, : trading as St. Luke's Hospital and Health Network : : Defendants : | CIVIL ACTION NO. 10-1108 |

Henry S. Perkin, M.J.                                                                          November 4, 2011

**MEMORANDUM**

In this action, the parties agreed to defendants' scheduling an independent psychological examination (IPE) of minor plaintiff on September 12, 2011 with Dr. Dauber. By letter of counsel for defendants dated October 20, 2011, however, defendants have identified two issues that have arisen with respect to this IPE for which they seek this Court's resolution. The issues are: (1) whether plaintiffs' counsel is permitted to be present, observe and record the IPE and (2) whether plaintiffs should be required to bear financial responsibility for Dr. Dauber's lost time on September 12, 2011 because of the failure of plaintiffs' counsel to give notice of their desire to attend and record the IPE.[1] Plaintiffs responded via letter dated October 25, 2011.[2]

---

[1] Defendants assert that shortly before the minor plaintiff's IPE was scheduled to begin, counsel for plaintiffs advised Dr. Dauber, and counsel for defendants, that she wished to be present, observe and record the IPE. Defendants contend that Dr. Dauber advised counsel that such a request was not appropriate, and not consistent with the standards of his profession. Defendants further aver that because plaintiffs' counsel waited until the morning of

With this Court's verbal permission, defendants filed a reply letter on October 31, 2011. Having reviewed the contentions of the parties, and their respective attachments, this Court is prepared to rule on this discovery matter.

Federal Rule of Civil Procedure 35(a), which governs physical and mental examinations of a party, is silent on the issues of videotaping and the presence of counsel. Fed. R. Civ. P. 35(a). Looking to Pennsylvania for guidance in this diversity action, however, I note that the Pennsylvania state courts recognize the right of a party to have an attorney present during a physical or mental examination. Pennsylvania Rule of Civil Procedure 4010, amended April 24, 1998, effective July 1, 1998, provides, in pertinent part, as follows:

> Rule 4010. **Physical and Mental Examination of Persons**
>
> (a)(4)(i)  The person to be examined shall have the right to have counsel or other representative present during the examination. The examiner's oral interrogation of the person to be examined shall be limited to matters specifically relevant to the scope of the examination.
>
> .   .   .
>
> (a)(5)(i) The party who is being examined or who is producing for examination a person in the party's custody or legal control may have made upon a reasonable notice and at the party's expense a stenographic or audio recording of the examination. Upon request and payment of reasonable cost, the party who caused the recording

---

the IPE to advise defendants of this desire, defendants were forced to cancel the IPE with Dr. Dauber pending resolution of this issue. Dr. Dauber subsequently informed defendants that he had blocked out a significant portion of the day for the IPE and would be billing defendants for the time lost as a result of the cancellation. In support of their position that plaintiffs should not be permitted to attend the IPE, defendants rely primarily on Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 70-71 (E.D. Pa. 1996), Neumerski v. Califano, 513 F. Supp. 1011, 1016-1017 (E.D. Pa. 1981), and statements issued by the National Academy of Neuropsychology (Copyright 2000) and American Psychological Association (Copyright 2007).

[2]   Plaintiffs assert that pursuant to Rule 4010 of the Pennsylvania Rules of Civil Procedure and this Court's holding in Smith v. HCSC-Blood Center, Inc., Civil Action No. 09-220, 2010 U.S. Dist. LEXIS 49393 (E.D. Pa. May 18, 2010), counsel should be permitted to both observe and record the IPE with a handheld audio device.

> to be made shall provide each other party with a copy of the recording.

Pa. R. Civ. P. 4010(a)(4)(i).

This Court has reviewed the cases cited by defendants in support of their position. However, we note that each of the cases cited by defendants precede the 1998 amendments to Rule 4010 of the Pennsylvania Rules of Civil Procedure. As noted by the 1998 Explanatory Comment,

> The rule previously gave no guidance with respect to the conduct of the examination. New subdivisions (a)(4) and (5) add certain protections for the person being examined. The protections under subdivision (a)(4)(i) include the right to have counsel or another representative present at the examination and a limitation upon the examiner's interrogation of the person to be examined. New subdivision (a)(5)(i) gives the party who is being examined or who is producing a person to be examined the right to make a stenographic or audio recording of the examination 'upon reasonable notice and at the party's expense.'

Pa. R. Civ. P. 4010. In addition, and unlike any of the cases cited by defendants, in this case, we are dealing with a minor plaintiff. I find that the fact that plaintiff is a minor further warrants the protection of counsel's presence during the IPE.

I conclude, therefore, that counsel for plaintiffs "should be permitted to attend an independent medical examination that takes place in an adversarial context -- even when the examination is not physical in nature." See Showell v. Trump Taj Mahal Casino, 2000 U.S. Dist. LEXIS 14736, at *1 (E.D. Pa. October 11, 2000)(Brody, J.), citing, Gensbauer v. May Dept. Stores Co., 184 F.R.D. 552 (E.D. Pa. 1999); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999). Counsel for plaintiffs is permitted to observe the IPE, but shall sit in such a location that the minor plaintiff is unable to see him or her. However, to the extent that any

psychological testing will be conducted during the IPE, I conclude that counsel for plaintiffs, or any other observers for that matter, shall not be present during the administration of psychological testing.[3]

With respect to plaintiffs' request to record the IPE, we will allow counsel for plaintiffs to make an audio recording of the IPE, excluding any portion which encompasses psychological testing.  Pa. R. Civ. P. 4010(a)(5)(i).  Counsel for plaintiffs is permitted to personally audio tape the IPE with a small hand device to be placed in an unobtrusive location.  A copy of the audio tape shall be provided to counsel for defendants.

Finally, defendants have requested that plaintiffs bear financial responsibility with respect to the cancellation of Dr. Dauber's examination.  Defendants, however, have not cited any supporting law that authorizes such a request, nor have they provided this Court with any information setting forth the actual amount of time lost or costs incurred.  Further, it appears from the letters submitted that plaintiffs were prepared to go forward with the IPE and it was ultimately defendants who cancelled the examination.  Rule 4010 of the Pennsylvania Rules of Civil Procedure is clear in terms of allowing the presence of counsel during a mental examination and I do not find that plaintiffs should be required to bear financial responsibility in this matter.

An Order follows.

---

[3] This determination appears to be consistent with the publications submitted by counsel for defendants.  More specifically, I note that the Official Statement of the National Academy of Neuropsychology states that the "presence of a third party observer during the administration of formal test procedures is inconsistent with recommendations promulgated in The Standards for Educational and Psychological Testing (APA, 1985) and Anastasi (1988), that the psychological testing environment be distraction free."  See Defendants' Letter Motion dated October 20, 2011 at Exhibit "A".