IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
NICOLE LaBAR, a Minor, by KELLI LaBAR and :
 WILLIAM LaBAR, Parents and Guardians :
:
           Plaintiffs :
:
  vs. : CIVIL ACTION NO. 10-1108
:
MARIAN McDONALD, M.D.; :
ST. LUKE'S PHYSICIAN GROUP, INC., formerly :
 known as St. Luke's Health Services, Inc., doing :
 business as Keystone Surgical Associates; and :
ST. LUKE'S HOSPITAL OF BETHLEHEM, PA, :
 trading as St. Luke's Hospital and Health Network :
:
           Defendants :
_____ :

**Henry S. Perkin, M.J.**                                                                  January 20, 2012

## MEMORANDUM

        This matter is before the Court on Plaintiffs' Motion in Limine to Exclude Evidence of the Risks Associated with Gallbladder Surgery Identified in the "Understanding Laparoscopic Gallbladder Surgery" Booklet, the "Consent to Procedure or Surgery" Form, and Testimony Related Thereto filed December 19, 2011. Defendants' Response in Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence of the Risks Associated with Gallbladder Surgery Identified in the "Understanding Laparoscopic Gallbladder Surgery" Booklet, the "Consent to Procedure or Surgery" Form, and Testimony Related Thereto was filed January 4, 2012. Having reviewed the contentions of the parties, the Court is prepared to rule on this matter.

**I.     BACKGROUND**

On June 28, 2007, defendant Dr. Marian P. McDonald performed a laparoscopic cholecystectomy on plaintiff Nicole LaBar at defendant St. Luke's Hospital.  During surgery, plaintiffs allege that Dr. McDonald and/or her assistant resident physician placed three surgical clips in such a manner that they impinged on Nicole LaBar's common bile duct.  Plaintiff Nicole LaBar was subsequently transferred to Children's Hospital of Philadelphia ("CHOP") where on July 2, 2007 she underwent exploratory laparotomy with resection of the common bile duct and a Roux-en-Y hepaticojejunostomy.  Plaintiffs brought this cause of action against defendants alleging that Dr. McDonald and/or her assistant resident physician deviated from the standard of care when they placed three surgical clips on Nicole LaBar's common bile duct.

Plaintiffs now move to preclude defendants from presenting evidence of the risks associated with gallbladder surgery identified in the "Understanding Laparoscopic Gallbladder Surgery" booklet, the "Consent to Procedure or Surgery" form, as well as any testimony related thereto.  Plaintiffs aver that page eight of the aforementioned booklet contains a list of risks associated with the surgery including common bile duct injury and that both plaintiffs Nicole LaBar and Kelli LaBar were questioned at their depositions regarding their notice of bile duct injuries as a possible complication to the gallbladder surgery performed on Nicole LaBar.

Plaintiffs aver that evidence related to associated risks is irrelevant because they have not pled a lack of informed consent in this matter.  Plaintiffs assert that defendants, by attempting to introduce this evidence, are seeking to raise the consent issue to argue that plaintiffs assumed the risk that Nicole LaBar may develop a common bile duct injury from the surgery.  Plaintiffs contend that defendants are precluded from arguing that plaintiffs somehow

assumed the risk of injury by introducing this evidence and rely on Ball v. Rolling Hill Hospital, 359 Pa. Super. 286, 291 (Pa. Super. 1986) (providing that a plaintiff in a malpractice action does not assume the risk of negligence or other malpractice on the part of the surgeon).  Finally, plaintiffs contend that even if the evidence is relevant, any probative value it may have is substantially outweighed by its prejudicial effect on plaintiffs and the likelihood of it confusing the jury on the issues.

       Defendants contend that the evidence of known complications associated with a particular surgery is relevant to the issue of negligence.  Defendants aver that plaintiffs' expert, I.Michael Leitman, M.D., specifically rejects the notion that an injury to the common bile duct can occur in the absence of negligence when there is no evidence of abnormal anatomy.  To the contrary, defendants' expert, Jon B. Morris, M.D., opines that an injury to the common bile duct during a laparoscopically guided cholecystecomy will inevitably occur in a certain irreducible number of cases and can do so in the absence of negligence.

       Defendants assert, therefore, that two central issues for the jury to decide are whether the injury to plaintiff's common bile duct can occur in the absence of negligence, and if so, did it.  In order to decide these issues, defendants aver that the jury must be permitted to consider all relevant evidence, including the evidence plaintiffs now seek to exclude.  Defendants rely on Lomax v. Thomas Jefferson University Hospital, 24 Phila. 224, 237 (Pa. Ct. Com. Pl. 1992), *aff'd without opinion*, 627 A.2d 208 (Pa. Super. 1993).

**II.    DISCUSSION**

As similarly upheld by the Pennsylvania Superior Court in <u>Lomax</u>, and contrary to plaintiffs' assertions here, evidence of the booklet and consent form as well as the testimony related thereto are relevant in that they are probative of whether or not an injury to the common bile duct is a recognized complication of gallbladder surgery.  <u>Lomax</u>, 24 Phila. at 237.  In this matter, defendants' and their expert contend that despite the exercise of all due care, there was a risk of injury to the common bile duct.  As the court reasoned in <u>Lomax</u>,

> A physician is not expected to guarantee a good result from the course of treatment he administers.  <u>Ragan v. Steen</u>, 229 Pa. Super. 515, 331 A.2d 724 (1974).  Doctors are not liable merely because treatment ends unfavorably, <u>Salis v. United States</u>, 522 F. Supp. 989 (M.D. Pa. 1981), nor does the mere happening of an accident raise an inference or presumption of negligence.  <u>Commonwealth v. King</u>, 298 Pa. Super. 499, 444 A.2d 1294 (1982).  On the other hand, the fact that a patient signs a consent form does not mean that she waives her right to sue for malpractice. The issue here was whether or not there was malpractice, and this was for the jury to decide with the aid of all relevant evidence.  The trial court's primary concern is to allow the jury to hear all evidence relevant to the issue being decided so that it has the entire picture. <u>Christy v. Darr</u>, 78 Pa. Commw. 354, 467 A.2d 1362 (1983).  The evidence of the consent form was an important part of the complete picture, and for this reason the jury was permitted to hear it.

<u>Lomax</u>, 24 Phila. at 237.

Rule 403 of the Federal Rules of Evidence permits a court to exclude evidence when the unfair prejudicial effect substantially outweighs the evidence's probative value.  However, the fact that probative evidence helps one side prove its case is not grounds for excluding it under Rule 403.  <u>Goodman v. Pennsylvania Turnpike Comm'n</u>, 293 F.3d 655, 670 (3d Cir. 2002).  Excluded evidence must be unfairly prejudicial, not just prejudicial.  Unfair

prejudice is the sort which clouds impartial scrutiny and reasoned evaluation of the facts, and which inhibits neutral application of principles of law to the facts as found.  Goodman, 293 F.3d at 670, *citing*, Wagenmann v. Adams, 829 F.2d 196, 217 (1st Cir. 1987).

The court in Lomax allowed the admission of this type of evidence, but did so with a cautionary instruction so as not to allow the evidence to mislead or confuse the jury.[1] Lomax, 24 Phila. at 237-238.  We agree with that approach and find that it should dispel

---

[1] The Lomax court instructed the jury as follows:

> Members of the jury, there has been a dispute here as to whether the consent form should be admitted in evidence, and let me say right off the bat, this case does not involve a claim for lack of informed consent. There are cases where -- well, let me say, the hospital is required to give people information about the risks of a procedure, and if they don't and someone is injured and there's no consent to the procedure, that may be the basis for a claim.
>
> This is not that case, because there's no claim here that there was lack of informed consent.
>
> The defense has been pressing to put this consent form in evidence. I'm permitting it to be put in evidence. It doesn't mean the defendant was given permission to be negligent just because she signed a form indicating that she was advised what the risks were. Whether the defendant was negligent or not is for you to determine apart from all this and based on the evidence in the case. Not every injury is the result of negligence. Some things just happen. Whether or not the injury to plaintiff here was due to negligence or something else is for the jury.
>
> The defendant wishes to introduce the consent form to support its position this was a recognized risk. This may or may not support its position, and just because they put it on the consent form doesn't automatically mean it's a recognized risk. Again, that's for you to assess all the evidence on this point. It is admitted only to show that the hospital administration regarded it in this light, that is, they regarded it as a recognized risk.
>
> Again, it doesn't mean the defendant was given permission to be negligent, if that's what you find happened, that is, if you find it was negligent.

Lomax, 24 Phila. at 237-238.

plaintiffs' concerns regarding any alleged prejudicial effects.[2]

For the foregoing reasons, we deny plaintiffs' motion to exclude evidence of the risk of a common bile duct injury identified in the "Understanding Laparoscopic Gallbladder Surgery" booklet and the "Consent to Procedure or Surgery" form.

An Order consistent with this Memorandum follows.

---

[2] As defendants note in their brief, the exclusion of evidence under Rule 403 requires that the probative value be "substantially outweighed" by the prejudice, which is a higher standard for exclusion than the similar Pennsylvania state rule. It was under the lesser standard for exclusion due to prejudice that the Lomax court allowed this relevant evidence before a jury.