IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE LaBAR, a Minor, by KELLI LaBAR and WILLIAM LaBAR, Parents and Guardians<br><br>Plaintiffs<br><br>vs.<br><br>MARIAN McDONALD, M.D.;<br>ST. LUKE'S PHYSICIAN GROUP, INC., formerly known as St. Luke's Health Services, Inc., doing business as Keystone Surgical Associates; and<br>ST. LUKE'S HOSPITAL OF BETHLEHEM, PA, trading as St. Luke's Hospital and Health Network<br><br>Defendants | CIVIL ACTION NO. 10-1108 |

**Henry S. Perkin, M.J.**                                                                       **January 25, 2012**

## MEMORANDUM

This matter is before the Court on Plaintiffs' Motion for an Order Directing the Jury Administrator to Release the Names, Addresses, and Occupations of the Jury Pool Scheduled to Appear for the February 1, 2012 Jury Selection, which motion was filed January 23, 2012.  Defendants' Response to Plaintiff's Motion for an Order Directing the Jury Administrator to Release the Names, Addresses, and Occupations of the Jury Pool Scheduled to Appear for February 1, 2012 Selection was filed January 24, 2012.  Having reviewed the contentions of the parties, the Court is prepared to rule on this matter.

**I.      BACKGROUND**

On June 28, 2007, defendant Dr. Marian P. McDonald performed a laparoscopic cholecystectomy on plaintiff Nicole LaBar at defendant St. Luke's Hospital.  During surgery,

plaintiffs allege that Dr. McDonald and/or her assistant resident physician placed three surgical clips in such a manner that they impinged on Nicole LaBar's common bile duct. Plaintiff Nicole LaBar was subsequently transferred to Children's Hospital of Philadelphia ("CHOP") where on July 2, 2007 she underwent exploratory laparotomy with resection of the common bile duct and a Roux-en-Y hepaticojejunostomy. Plaintiffs brought this cause of action against defendants alleging that Dr. McDonald and/or her assistant resident physician deviated from the standard of care when they placed three surgical clips on Nicole LaBar's common bile duct.

Plaintiffs seek an Order directing the jury administrator to release the names, addresses, and occupations of the jury pool scheduled to appear for February 1, 2012, which is the date selected for jury selection in this matter. Plaintiffs aver that the policy of the United States Court of Appeals for the Third Circuit is one of openness permitting the disclosure of the names of the jury pool to undercover bias, relying on United States v. Wecht, 537 F.3d 222, 239 (3d Cir. 2008). Plaintiffs assert that pursuant to 28 U.S.C. § 1867(f) and Wecht, this Court must permit them to inspect the jury pool records and documents for the purpose of investigating the need to challenge the jury selection process.

Defendants filed a response to plaintiffs' motion indicating that while they did not object, it appears that in accordance with the local rules of civil procedure, plaintiffs' request is untimely.

**II.   DISCUSSION**

Rule 48.1 of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides in pertinent part that: "Every challenge to the array of jurors shall be made at least fourteen (14) days before the first day of the trial period for which

the jurors have been summoned." E.D.Pa.R.Civ.P. 48.1. The comment to Local Rule 48.1 provides that "[i]f the case is drawn from a regular jury pool, the challenge must therefore be filed 14 days before the pool is called. . . ." See Comment 1.a. Jury selection in this matter is scheduled for February 1, 2012. Plaintiffs filed their motion on January 23, 2012. Pursuant to Local Rule 48.1, however, plaintiffs' challenge to the array of jurors was required to be filed by January 18, 2012. It is untimely.

Even if we were to consider plaintiffs request timely, plaintiffs' motion would nonetheless be denied. Plaintiffs' reliance on United States v. Wecht, 537 F.3d 222 (3d Cir. 2008) does not comport with the facts of this case[1] and does not support plaintiffs' argument that they are entitled to the information they seek. In the Wecht case, after the district court announced that it would not be releasing the names of jurors, the media-intervenors[2] filed a petition objecting to an anonymous jury. In so doing, the media-intervenors relied primarily on arguments that the First Amendment creates a right of access that requires disclosure of the names of both trial jurors and prospective jurors prior to the empanelment of the jury and the conducting of *voir dire* in open court. Wecht, 537 F.3d at 233, 235. Ultimately, the media-intervenors prevailed in that the Third Circuit recognized a rebuttable presumption rooted in the First Amendment that jury selection is a public process and extended this presumption to

---

[1] This matter is clearly distinguishable from the Wecht prosecution case. This is a civil medical malpractice case, as opposed to a criminal prosecution case. United States v. Wecht, 537 F.3d 222 (3d Cir. 2008). Neither plaintiffs nor defendants are public figures whereas Dr. Wecht is the former Allegheny County Coroner and a nationally recognized forensic pathologist. Id. In addition, to this Court's knowledge, there has been no recent press coverage of this case. In contrast, the Wecht case was often debated in the media including claims by Dr. Wecht that the prosecution was politically motivated. Based on the substantial press coverage, the Honorable Arthur J. Schwab ordered that 400 jurors be summoned for the trial and employed the use of questionnaires. Wecht, 537 F. 3d at 225. Those unique circumstances are not present in this case.

[2] The media-intervenors were WPXI, Inc, Tribune-Review Publishing Company and PG Publishing Company d/b/a Pittsburgh Post-Gazette.

encompass the jurors' names.  <u>Wecht</u>, 537 F.3d at 238-239.  In allowing the jurors' names to be released, the Third Circuit determined that there was insufficient evidence of threats or harassment to jurors sufficient to overcome the presumption.  <u>Wecht</u>, 537 F.3d at 242.

As is clear, the <u>Wecht</u> case involved a high profile criminal prosecution in which the media intervened in an effort to obtain the names of both trial and prospective jurors.  Such is not the case here.  Accordingly, plaintiffs reliance on the <u>Wecht</u> case is misplaced.  This Court is not aware of, nor have plaintiffs identified, any cases in which the parties to a civil case such as this litigated a claim for disclosure of information pertaining to the jury pool.

We note, however, that despite our denial of plaintiffs' motion at this time, plaintiffs will actually be provided with more information than they currently seek at the time of jury selection on February 1, 2012.  This Court has learned, through conversations with the Jury Administrator, that 300 jurors have been summoned for jury duty on February 1, 2012.[3]  Of those jurors summoned, thirty prospective jurors will be randomly selected by the Jury Management System ("JMS") utilized by this District on the morning of February 1, 2012 and from those thirty prospective jurors, a jury will be selected by counsel for this case.  Once the JMS has randomly selected the thirty prospective jurors, all counsel will be provided with a computer print-out relative to those thirty prospective jurors.  This computer print-out will contain the following information for each of the thirty prospective jurors: name, juror number, occupation, age, marital status, spouse's occupation (if applicable), and county in which they reside.  Accordingly, plaintiffs will ultimately be provided with the information that this Court believes

---

[3] The number of jurors summoned for February 1, 2012 may be reduced depending on case flow, i.e. depending on how many juries will be needed, but the final determination as to jurors summoned will not be available until late in the day on January 31, 2012.

they currently seek.

For the foregoing reasons, we deny plaintiffs' motion for an order directing the jury administrator to release the names, addresses and occupations of the jury pool scheduled to appear for jury selection on February 1, 2012.

An Order consistent with this Memorandum follows.