IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NICOLE LaBAR, a Minor, by KELLI LaBAR and WILLIAM LaBAR, Parents and Guardians<br><br>Plaintiffs<br><br>vs.<br><br>MARIAN McDONALD, M.D.;<br>ST. LUKE'S PHYSICIAN GROUP, INC., formerly known as St. Luke's Health Services, Inc., doing business as Keystone Surgical Associates; and<br>ST. LUKE'S HOSPITAL OF BETHLEHEM, PA, trading as St. Luke's Hospital and Health Network<br><br>Defendants | CIVIL ACTION NO. 10-1108 |

**Henry S. Perkin, M.J.**                                                                                   January 27, 2012

## MEMORANDUM

       This matter is before the Court on the Motion *in Limine* of Defendants, Marian P. McDonald, M.D., St. Luke's Physician Group, Inc. (d/b/a Keystone Surgical Associates) and Saint Luke's Hospital Bethlehem, Pennsylvania (d/b/a St. Luke's Hospital and Health Network), to Preclude Evidence of Past Medical Expenses, which motion was filed December 15, 2011. Plaintiffs' Opposition Brief to Defendants' Motion *in Limine* to Preclude Evidence of Past Medical Expenses was filed January 4, 2012. With leave of this Court, the Reply Brief in Support of the Motion *in Limine* of Defendants, Marian P. McDonald, M.D., St. Luke's Physician Group, Inc. (d/b/a Keystone Surgical Associates) and Saint Luke's Hospital Bethlehem, Pennsylvania (d/b/a St. Luke's Hospital and Health Network) to Preclude Evidence of Past Medical Expenses was filed January 18, 2012. Having reviewed the contentions of the

parties, the Court is prepared to rule on this matter.

I.      **BACKGROUND**

On June 28, 2007, defendant Dr. Marian P. McDonald performed a laparoscopic cholecystectomy on plaintiff Nicole LaBar at defendant St. Luke's Hospital. During surgery, plaintiffs allege that Dr. McDonald and/or her assistant resident physician placed three surgical clips in such a manner that they impinged on Nicole LaBar's common bile duct. Plaintiff Nicole LaBar was subsequently transferred to Children's Hospital of Philadelphia ("CHOP") where on July 2, 2007 she underwent exploratory laparotomy with resection of the common bile duct and a Roux-en-Y hepaticojejunostomy.

On March 15, 2010, plaintiffs filed their initial Complaint against defendants alleging that Dr. McDonald and/or her assistant resident physician deviated from the standard of care when they placed three surgical clips on Nicole LaBar's common bile duct. Because plaintiff Nicole LaBar was a minor at the time of the surgery, and is still a minor, the named plaintiff in this action is Nicole LaBar, by Kelli LaBar and Williams LaBar as her parents and guardians.

Defendants seek to exclude evidence at trial related to past medical expenses. More specifically, defendants aver that Kelli LaBar and William LaBar made no individual claim for medical expenses and are now barred from doing so because of the applicable two-year statute of limitations. Alternatively, defendants aver that only certain amounts paid are recoverable under the Medical Care and Reduction of Error ("MCARE") Act, 40 P.S. § 1303.508.

In response to defendants motion, plaintiffs submit that under the Federal Rules of Evidence and MCARE, they may introduce into evidence the amount of medical expenses incurred, alleging that the medical expenses are relevant to establish the severity of the injuries sustained. Plaintiffs further aver that the issue raised by defendants regarding the amount of recovery plaintiffs are entitled to is an issue which should be addressed at the conclusion of the trial prior to the charge of the jury. Plaintiffs offer no response to defendants' first argument that the statute of limitations bars their claim for past medical expenses.[1]

## II. DISCUSSION

"'Under Pennsylvania law, personal injury to a minor gives rise to two separate and distinct causes of action, one the parents' claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority.'" Hathi v. Krewstown Park Apartments, 561 A.2d 1261, 1262 (Pa. Super. 1989) (quoting Olivieri v. Adams, 280 F. Supp. 428, 429 (E.D. Pa. 1968)). Because it is the minor's parents who incur, and are responsible for, medical expenses, it is the minor's parents who have standing to bring an action to recover medical expenses. Bowmaster v. Clair, 933 A.2d 86, 87-88 (Pa. Super. 2007)[2] (finding that because parents did not assert a claim for medical expenses on

---

[1] Plaintiffs did not respond to defendants' statute of limitations argument in their responsive brief filed January 4, 2012. Defendants sought leave of this Court and were permitted to file a reply brief. In their reply brief filed January 18, 2012, defendants again contend that any claim for past medical expenses is barred by the statute of limitations and state that plaintiffs made no effort to explain how a claim by Mr. and Mrs. LaBar for past medical expenses survives the running of the statute of limitations. Defendants aver that plaintiffs' silence on this issue demonstrates the futility of refuting their assertion that such claims are barred. This Court notes that, despite the opportunity to do so, there has been no effort made by plaintiffs to counter defendants' statute of limitations argument.

[2] This Court recognizes that the decision of the Pennsylvania Superior Court cited above was vacated by the Pennsylvania Supreme Court on unrelated grounds. More specifically, although both courts agreed that the minor's parents' potential claim for past medical expenses was time barred because no claim had been filed within two years of defendants' negligent act, they differed on their opinion as to whether the Pennsylvania

behalf of their minor during the applicable two-year time period, their claims were time-barred).

Although parents may pursue their claims while the child's claim is barred due to minority, the claims of the parents are not derivative of their child's claim and may be barred while the child's is still assertable. Bowmaster, 933 A.2d at 88-89 (citing Hathi, 561 A.2d at 1262 (holding that parents were not entitled to use infancy tolling provisions and that the statute of limitations barred their claims); see also Fancsali v. Univ. Health Ctr. of Pittsburgh, 761 A.2d 1159 (Pa. 2000) (holding that although statute of limitations runs on parents' medical malpractice action within two years of when suit could have been brought, the child could bring action after majority was reached)).

Based on our review of the pleadings in this matter, we conclude that Mr. and Mrs. LaBar did not explicitly bring an individual claim for medical expenses incurred during Nicole LaBar's minority. However, even if we could infer a claim for medical expenses from the pleadings, we note that any such claim is untimely given the filing of this action. As indicated above, the surgery was performed by Dr. McDonald on Nicole LaBar on June 28, 2007. This action was not commenced until March 15, 2010, approximately two years and eight months after the surgery at issue. The parents' claim for medical expenses, therefore, is time barred.

Finally, despite plaintiffs' argument to the contrary, the medical expenses incurred are not relevant to establish the severity of the injuries sustained. "[T]he amount expended on medical bills is not relevant or in any way indicative of an individual's pain and suffering.

---

Department of Public Welfare ("DPW") was entitled to be paid from the proceeds of a settlement for a lien it had asserted for Medicaid expenses paid on the minor's behalf. Ultimately, the Pennsylvania Supreme Court held that the Fraud and Abuse Control Act superseded the common law rule insofar as necessary to allow DPW to recover medical assistance payments provided to a minor even when the claims of the minor's parents were no longer timely. E.D.B. v. Clair, 987 A.2d 681, 691 (Pa. 2009).

Bowman v. Int'l. Petroleum Corp., 1995 U.S. Dist. LEXIS 10873, at *10 (E.D. Pa. August 1, 1995) (Buckwalter, J.) (citing Carlson v. Bubash, 639 A.2d 458, 461 (Pa. Super. 1994); Martin v. Soblotney, 466 A.2d 1022 (Pa. 1983). In fact, the Pennsylvania Supreme Court in Martin held as follows:

> Thus the fact that a particular amount of money was expended to treat an injury bears no logical correlation to the degree of pain and suffering which accompanied the injury to the plaintiff in question, forces the conclusion that such evidence possesses no probative value in a determination as to the appropriate monetary compensation to be awarded. Evidence of the cost of medical services is therefore irrelevant and, consequently must be held to be inadmissible for that purpose.

Martin, 466 A.2d at 1025.

      For the foregoing reasons, we grant defendants' motion to exclude evidence of past medical expenses at the trial of this matter.

      An Order consistent with this Memorandum follows.